IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

VILLAGE FARMS, L.P.,

     Plaintiff,

          v.

NATURESWEET LTD.,

     Defendant.

Civil Action No. 5:17-cv-112

Jury Demanded

## ORIGINAL COMPLAINT

Plaintiff Village Farms, L.P. ("Plaintiff" or "Village Farms"), through its counsel, files this Complaint against Defendant NatureSweet Ltd., a Texas corporation ("NatureSweet" or "Defendant") for injunctive relief and damages, and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark infringement and unfair competition under the Lanham Act (15 U.S.C. § 1051 *et seq.*); and for common law trademark infringement and unfair competition.

2.     Plaintiff Village Farms, a Delaware limited partnership that grows and distributes fresh fruits and vegetables to grocery stores and retailers across the United States, brings this action against the Defendant for willful infringement of Village Farms's trademarks HEAVENLY™ and HEAVENLY VILLAGIO MARZANO®, the latter of which is registered in the United States with the U.S. Patent and Trademark Office, under Reg. No. 4,124,908. Village Farms has been using the HEAVENLY and HEAVENLY VILLAGIO MARZANO marks in

connection with the sale of fresh fruit and vegetables, including tomatoes, since at least as early as April 2012 and October 2011, respectively.  Defendant NatureSweet is today selling its tomatoes using the marks HEAVENLY and HEAVENLY SALAD TOMATOES.  Village Farms seeks damages and injunctive relief to stop Defendant from marketing, distributing and selling fresh fruits and vegetables and/or related products and services associated with NatureSweet's HEAVENLY and HEAVENLY SALAD TOMATOES marks because such wrongful conduct would cause irreparable harm to Village Farms by causing consumer confusion as to the source of NatureSweet's goods and creating a false association between NatureSweet and Village Farms.

### THE PARTIES

3.     Plaintiff, Village Farms L.P., is a limited partnership organized under the laws of Delaware with its principal place of business at 195 Heathrow International Parkway, Heathrow, Florida 32746, and conducts business throughout the United States.

4.     Defendant NatureSweet Ltd. is a Texas corporation and is headquartered at 2338 N. Loop 1604 W #200, San Antonio, TX 78248.

### JURISDICTION AND VENUE

5.     This action arises under the Lanham Act, Title 15 of the U.S. Code, § 1051 *et seq.* Thus, jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338 (actions arising under an Act of Congress relating to trademarks and copyrights).

6.      This Court has personal jurisdiction over Defendant because, *inter alia*, the Defendant's headquarters are located in this forum, and the Defendant regularly transacts business within the State of Texas.

7.      Venue is proper in the United States District Court of the Western District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because the Defendant's headquarters are located in this District, the Defendant may be found in this District, a substantial part of the events that give rise to the claims occurred in this District, and/or a substantial part of the property that is the subject of this action is situated in this District.

**FACTUAL ALLEGATIONS**

**Plaintiff Village Farms's Business and Trademarks**

8.      Plaintiff Village Farms is one of the largest producers of tomatoes, bell peppers, cucumbers, and other fruits and vegetables in North America.

9.      Village Farms has a hydroponic growing facility in Monahans, Texas, and first used the mark HEAVENLY in U.S. commerce in connection with its sale of produce in the United States at least as early as April 2012.  The HEAVENLY mark has been in continuous use since at least as early as April 2012.

10.     Village Farms first used the mark HEAVENLY VILLAGIO MARZANO in interstate commerce in connection with its sale of produce in the United States at least as early as October 15, 2011.  Plaintiff Village Farms owns a U.S. federal trademark registration for the HEAVENLY VILLAGIO MARZANO mark, U.S. Registration No. 4,124,908, issued April 10, 2012.  See a copy of the above-referenced trademark registration attached as Exhibit "A".

11.     Village Farms's HEAVENLY and HEAVENLY VILLAGIO MARZANO marks are hereafter collectively referred to as the "Village Farms HEAVENLY Marks."

12.     Village Farms has expended substantial time and effort, and tens of thousands of dollars to develop and protect the value of the Village Farms HEAVENLY Marks.

13.     The Village Farms HEAVENLY Marks are distinctive and widely recognized by the public as source identifiers for Village Farms's tomatoes.  Village Farms derives substantial goodwill and value from its use of the Village Farms HEAVENLY Marks.

**Defendant's Business and Unlawful Conduct**

14.     Defendant NatureSweet grows and sells tomatoes.  Without the authorization or consent of Plaintiff Village Farms, NatureSweet markets its CHERUBS® brand of tomatoes under the marks HEAVENLY and HEAVENLY SALAD TOMATOES, the latter of which is effectively the combination of the word HEAVENLY with the generic phrase SALAD TOMATOES.  See photos of NatureSweet's product display attached as Exhibit "B".

15.     By letter dated November 7, 2016, Counsel for Village Farms informed NatureSweet of Village Farms's prior rights in the federally registered and Village Farms HEAVENLY Marks and demanded that NatureSweet cease its use of the word HEAVENLY in connection with its products by the end of 2016.  See Village Farms's letter attached as Exhibit "C".

16.     NatureSweet's counsel responded to Village Farms's letter on November 21, 2016 and stated that NatureSweet was reviewing Village Farms's letter and would respond at a later date. See correspondence from NatureSweet attached as Exhibit "D".

17.     To date Village Farms has not received any substantive response to its November 7, 2016 letter.

18.     NatureSweet's unlawful use of a mark that is confusingly similar to the Village Farms HEAVENLY Marks is likely to cause confusion in the minds of Village Farms's actual and potential consumers.

19.     Given the confusing similarity of the parties' trademarks and identical goods, reasonable and ordinary consumers will mistakenly believe that NatureSweet's business and/or goods are sponsored, authorized or approved by Village Farms,  or are otherwise associated with the company that sells tomatoes under the Village Farms HEAVENLY Marks.

20.     NatureSweet's unauthorized conduct constitutes federal trademark infringement and false designation of origin, and is causing Village Farms to suffer irreparable injuries for which it has no adequate remedy at law.

## CAUSES OF ACTION

### COUNT I
### (Trademark Infringement, 15 U.S.C. § 1114(1)(a))

21.     Village Farms repeats and re-alleges each and every allegation contained in paragraphs 1 through 20 of this Complaint, and incorporates them herein by reference.

22.     Village Farms owns all rights, title, and interest in the HEAVENLY VILLAGIO MARZANO registered mark, including all common law rights in the mark.

23.     NatureSweet, with knowledge of Village Farms's ownership of the registered HEAVENLY VILLAGIO MARZANO mark and without authorization from Village Farms, have used and continue to use the confusingly similar mark HEAVENLY in connection with the offer and sale of NatureSweet's own competing goods, namely, tomatoes.

24.     NatureSweet's use in commerce of a mark confusingly similar to the valuable HEAVENLY VILLAGIO MARZANO mark is likely to cause confusion, to cause mistake, or to deceive consumers and others regarding the source of the goods offered by NatureSweet.

25.     NatureSweet's actions constitute infringement of Village Farms's protected HEAVENLY VILLAGIO MARZANO mark in violation of 15 U.S.C. § 1114.

26.     With full knowledge of Village Farms's rights in and to the HEAVENLY VILLAGIO MARZANO mark, NatureSweet is continuing to use its own confusingly similar marks HEAVENLY and HEAVENLY SALAD TOMATOES.  NatureSweet is continuing to use its marks with full knowledge of Village Farms's rights, and upon information and belief, NatureSweet has acted with the intention to usurp such rights.  The aforementioned acts of NatureSweet are therefore intentional, willful, and calculated to cause confusion, to cause mistake, or to deceive.

27.     As a result, NatureSweet's activities entitle Village Farms to damages, including but not limited to treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

28.     By reason of the foregoing acts of NatureSweet, Village Farms has sustained and, unless NatureSweet is enjoined, will continue to sustain, substantial and irreparable injury and damage.  Upon information and belief, based on its infringing actions, NatureSweet has unlawfully and wrongfully derived income and profits and has been unjustly enriched as a result of the foregoing acts.  NatureSweet's acts, unless enjoined, will cause Village Farms continuing irreparable harm for which there is no adequate remedy at law.

### COUNT II
### (Unfair Competition, 15 U.S.C. § 1125(a))

29.     Village Farms repeats and re-alleges each and every allegation contained in the paragraphs 1 through 28 of this Complaint, and incorporates them herein by reference.

30.     NatureSweet, with knowledge of Village Farms's exclusive rights in and to the protected Village Farms Marks, and intending to trade on the goodwill and reputation of Village

Farms in the marketplace, has adopted and used the mark HEAVENLY and HEAVENLY

SALAD TOMATOES in the offer and sale of competing goods.

31.     NatureSweet's promotion, advertising, distribution, sale and/or offering for sale of

its tomatoes together with NatureSweet's unauthorized use of marks confusingly similar to the

protected Village Farms HEAVENLY Marks is intended, and is likely to cause confusion or

mistake, or to deceive consumers with respect to: (i) the origin, source, sponsorship, or affiliation

of NatureSweet's products; (ii) the affiliation, connection, or association of Village Farms and

NatureSweet; and (iii) the endorsement and approval of NatureSweet's tomatoes by Village

Farms.  NatureSweet's unauthorized uses of marks confusingly similar to the Village Farms

HEAVENLY marks is likely to cause consumers to believe in error that NatureSweet's tomatoes

have been authorized, sponsored, approved, endorsed, or licensed by Village Farms, or that

NatureSweet is in some way affiliated with Village Farms.

32.     NatureSweet's foregoing actions constitute unfair competition, false designation

of origin, and false description in violation of 15 U.S.C. § 1125(a).

33.     On information and belief, NatureSweet's foregoing acts have been and are being

committed with the deliberate purpose and willful intent of appropriating and trading upon

Village Farms's goodwill and reputation.  As a result, NatureSweet's activities entitle Village

Farms to damages, including but not limited to treble damages and attorneys' fees pursuant to 15

U.S.C. § 1117.

34.     By reason of the foregoing acts of NatureSweet, Village Farms has sustained and,

unless NatureSweet is enjoined, will continue to sustain substantial injury and damage.  Upon

information and belief, based on its infringing actions, NatureSweet has unlawfully and

wrongfully derived income and profits and has been unjustly enriched as a result of the foregoing

acts.  NatureSweet's acts, unless enjoined, will cause Village Farms continuing irreparable harm for which there is no adequate remedy at law.

## COUNT III
## (Common Law Trademark Infringement)

35.     Village Farms repeats and re-alleges each and every allegation contained in the paragraphs 1 through 34 of this Complaint, and incorporates them herein by reference.

36.     Village Farms owns all rights, title, and interest in the HEAVENLY VILLAGIO MARZANO registered mark and the HEAVENLY mark, including all common law rights in the marks.

37.     NatureSweet, without authorization from Village Farms, has used and continues to use the confusingly similar marks HEAVENLY and HEAVENLY SALAD TOMATOES in connection with the offer and sale of NatureSweet's own competing goods, namely, tomatoes.

38.      NatureSweet's unauthorized use of confusingly similar marks are intended to and have actually caused, and is likely to continue to cause, confusion, mistake or deception as to the source, origin, sponsorship or approval of NatureSweet's goods.  NatureSweet's unauthorized use of confusingly similar marks are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers as to whether NatureSweet's tomatoes originate from, or are affiliated with, sponsored by, or endorsed by Village Farms.

39.     By its actions, NatureSweet has infringed Village Farms's HEAVENLY Marks deliberately and with the intention of wrongfully trading (or otherwise with willful blindness) on the goodwill and reputation symbolized by Village Farms's HEAVENLY Marks.

40.     NatureSweet's foregoing actions constitute trademark infringement in violation of the common law of the State of Texas.

41.     Village Farms is entitled to an award of damages from NatureSweet for the loss of business and other monetary losses that Village Farms has suffered and will continue to suffer in the future as a proximate result of NatureSweet's misappropriation and infringement of Village Farms's Marks. Upon information and belief, based on its infringing actions, NatureSweet has made and will continue to make substantial profits and gains to which they are not entitled to in law or in equity.  Upon information and belief, NatureSweet intends to continue its infringing acts, unless enjoined by this Court.  NatureSweet's acts have damaged, and will continue to damage, Village Farms, and Village Farms has no adequate remedy at law.

## COUNT IV
## (Common Law Unfair Competition)

42.     Village Farms repeats and re-alleges each and every allegation contained in the paragraphs 1 through 41 of this Complaint, and incorporates them herein by reference.

43.     The foregoing acts of NatureSweet permit NatureSweet to use and benefit from the goodwill and reputation earned by Village Farms and to obtain a ready customer acceptance of NatureSweet's products, namely tomatoes, and constitutes unfair competition, palming off, and misappropriation in violation of Texas common law, for which Village Farms is entitled to recover any and all remedies provided by such law.

44.     Upon information and belief, based on its infringing acts, NatureSweet has made and will continue to make substantial profits and gains to which they are not entitled to in law or in equity.  Upon information and belief, NatureSweet intends to continue its infringing acts, unless enjoined by this Court.  NatureSweet's acts have damaged, and will continue to damage, Village Farms, and Village Farms has no adequate remedy at law.

9

## PRAYER FOR RELIEF

WHEREFORE, Village Farms respectfully requests that this Court enter judgment against NatureSweet as follows:

A. Judgment be entered in favor of Village Farms and against NatureSweet as to each of the above Counts;

B. NatureSweet pay damages incurred by Village Farms as a result of the unlawful acts perpetrated by NatureSweet;

C. NatureSweet be required to pay over to Village Farms three times all damages incurred by Village Farms that are recoverable by law as a result of NatureSweet's willful trademark infringement, and unfair competition described herein.

D. NatureSweet, and any officers, directors, agents, servants, employees, representatives, successors, assigns, attorneys, licensees, distributors and all persons in active concert or participation with NatureSweet, be enjoined from directly or indirectly:

  i. using the HEAVENLY and HEAVENLY SALAD TOMATOES marks or using any mark confusingly similar to the Village Farms HEAVENLY Marks, alone or in combination with other words as a trademark, service mark, domain name, or trade name to identify, market, distribute, advertise, promote, to offer for sale or to provide any goods or services;

  ii. otherwise infringing the Village Farms HEAVENLY Marks;

  iii. continuing acts of false designation of origin, or doing any acts that may cause Defendant's goods to be mistaken for, confused with, or passed off as Village Farms's goods;

iv. applying for or attempting to register with any governmental entity, including but not limited to the State of Texas or the United States Patent and Trademark Office, any trademark or service mark consisting in whole or in part of the word HEAVENLY;

E. NatureSweet be directed to file with this Court and to serve on Village Farms, within ten (10) days after issuance of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which NatureSweet has complied with the injunction;

F. NatureSweet be required to remove the HEAVENLY and HEAVENLY SALAD TOMATOES marks and any mark confusingly similar to the Village Farms HEAVENLY Marks from NatureSweet's website(s) including but not limited to <http://www.naturesweet.com/>, all social media hubs, social media handles, HTML code, search engine query terms, e-mail addresses, and any other electronic communications hosts, links and devices;

G. NatureSweet be ordered to transfer to Village Farms any domain name consisting, in whole or in part, of the HEAVENLY or HEAVENLY SALAD TOMATOES marks;

H. NatureSweet be ordered to pay attorney's fees and costs of this action reasonably incurred by Village Farms in connection with NatureSweet's willful acts of trademark infringement and unfair competition pursuant to 15 U.S.C. § 1117 and otherwise; and

I. The Court order such other and further relief as this Court deems just and proper.

11

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Village Farms demands a

trial by jury for all issues so triable.

This the 14th day of February 2017.

/s/ Domingo M. LLagostera
Domingo M. LLagostera
Texas Bar No. 24070157
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Tel: (713) 228.6601
Fax: (713) 228.6605
Email: DLLagostera@BlankRome.com


David M. Perry (*pro hac vice* to be filed)
Thomas H. Kelly (*pro hac vice* to be filed)
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103-6998
Tel: (215) 569.5500
Fax: (215) 569.5555
Email: Perry@BlankRome.com
         TKelly@BlankRome.com

*Attorneys for Plaintiff Village Farms, L.P.*