**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

VILLAGE FARMS, L.P.,

    *Plaintiff and Counter-Defendant*,

    v.

NATURESWEET LTD.,

    *Defendant and Counter-Plaintiff.*

Civil Action No. 5:17-cv-112

Jury Demanded

## NATURESWEET'S ORIGINAL ANSWER AND COUNTERCLAIM

Defendant NS Brands, Ltd., formerly known as NatureSweet, Ltd., ("Defendant" or "NatureSweet"), files its Original Answer to Plaintiff Village Farms, L.P.'s ("Plaintiff" or "Village Farms") Original Complaint and would show the following:

## NATURE OF THE ACTION

1.    Defendant admits that Plaintiff asserts an action for trademark infringement and unfair competition under the Lanham Act and for common law trademark infringement and unfair competition, but denies that Plaintiff is entitled to any requested relief.

2.    Defendant admits that the trademark HEAVENLY VILLAGIO MARZANO is registered in the United States with the U.S. Patent and Trademark Office, under Reg. No. 4,124,908. Defendant admits that Village Farms has been using the HEAVENLY VILLAGIO MARZANO mark, and HEAVENLY as a part of that mark, in connection with the sale of tomatoes. Defendant admits that NatureSweet is today selling its tomatoes using the mark HEAVENLY SALAD TOMATOES, and HEAVENLY as a part of that mark. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 2 regarding the Plaintiff's legal form, the extent of Plaintiff's sales, and Plaintiff's claimed dates of first use, which has the effect of a denial. Defendant denies the remainder of the allegations contained in Paragraph 2.

## THE PARTIES

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, which has the effect of a denial.

4.      Defendant admits that NS Brands, Ltd. is headquartered at 2338 N. Loop W #200, San Antonio, TX 78248. Defendant denies the remainder of the allegations contained in Paragraph 4.

## JURISDICTION AND VENUE

5.      Defendant admits that this Court has subject matter jurisdiction as alleged in Paragraph 5.

6.      Defendant admits that this Court has personal jurisdiction over NatureSweet because the NatureSweet's headquarters are located in the forum, and NatureSweet regularly transacts business within the State of Texas. Defendant denies the remainder of the allegations contained in Paragraph 6.

7.      Defendant admits that venue is proper as alleged in Paragraph 7.

## FACTUAL ALLEGATIONS

**Plaintiff Village Farms's Business and Trademarks**

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, which has the effect of a denial.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, which has the effect of a denial.

10.     Defendant admits that the trademark HEAVENLY VILLAGIO MARZANO is registered in the United States with the U.S. Patent and Trademark Office, under Reg. No. 4,124,908, issued April 10, 2012. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 10, which has the effect of a denial.

11.     Defendant acknowledges that Plaintiff's complaint refers to Village Farm's alleged HEAVENLY and HEAVENLY VILLAGIO MARZANO marks collectively as the "Village Farms HEAVENLY Marks."   Defendant denies the remainder of  the allegations contained in Paragraph 11.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, which has the effect of a denial.

13.     Defendant denies the allegations contained in Paragraph 13.

**Defendant's Business and Unlawful Conduct**

14.     NatureSweet admits that it grows and sells tomatoes, and that it markets its CHERUBS® brand tomatoes under the mark HEAVENLY SALAD TOMATOES, and HEAVENLY as a part of that mark.  Defendant denies the remainder of the allegations contained in Paragraph 14.

15.     NatureSweet admits that Village Farms demanded, by letter dated November 7, 2016, that NatureSweet cease its use of the word HEAVENLY in connection with NatureSweet's products by the end of 2016.    Otherwise, the letter, attached as Exhibit C to the complaint, speaks for itself.  The remaining characterizations of the letter in Paragraph 15 of the complaint are ambiguous and confusing, and are therefore denied.

16.     Defendant admits that NatureSweet responded by letter dated November 21, 2016, as reflected in Exhibit D to the complaint. Defendant denies the remainder of the allegations contained in Paragraph 16.

17.     Defendant admits that Plaintiff filed its complaint in this suit before it received NatureSweet's substantive response.

18.     Defendant admits that NatureSweet's accused marks and the purported Village Farms HEAVENLY Marks are confusingly similar and likely to cause confusion in the minds of actual and potential customers. Defendant denies the remaining allegations contained in Paragraph 18.

19.     Defendant admits that the parties' trademarks, as referenced in the complaint, (HEAVENLY SALAD TOMATOES, HEAVENLY and HEAVENLY VILLAGIO MARZANO, HEAVENLY) are confusingly similar, and that reasonable and ordinary consumers are likely to mistakenly believe that there is an association between NatureSweet's goods and Village Farms' goods (Village Farms being the company that sells tomatoes under the Village Farms HEAVENLY Marks). Defendant denies the remainder of the allegations contained in Paragraph 19.

20.     Defendant denies the allegations contained in Paragraph 20.

## CAUSES OF ACTION

### COUNT I
### (Trademark Infringement, 15 U.S.C. § 1114(1)(a))

21.     Defendant incorporates its responses to Paragraphs 1-20.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, which has the effect of a denial.

23.     Defendant admits that it has used and continues to use HEAVENLY, as a part of the mark HEAVENLY SALAD TOMATOES, in connection with the offer and sale of NatureSweet tomatoes. Defendant denies the remainder of the allegations contained in Paragraph 23.

24.     Defendant admits that NatureSweet's HEAVENLY SALAD TOMATOES mark and Village Farms' HEAVENLY VILLAGIO MARZANO mark are confusingly similar and that their concurrent use is likely to cause confusion, to cause mistake, or to deceive consumers and others regarding the source of the goods. Defendant denies the remainder of the allegations contained in Paragraph 24.

25.     Defendant denies the allegations contained in Paragraph 25.

26.     Defendant admits that it is continuing to use its own mark, HEAVENLY SALAD TOMATOES, and HEAVENLY as a part of that mark. Defendant also admits that Village Farms' HEAVENLY VILLAGIO MARZANO mark, including its use of HEAVENLY, and NatureSweet's HEAVENLY SALAD TOMATOES mark, including the use of HEAVENLY as a part of the mark, are confusingly similar marks. Defendant denies the remainder of the allegations contained in Paragraph 26.

27.     Defendant denies the allegations contained in Paragraph 27.

28.     Defendant denies the allegations contained in Paragraph 28.

### COUNT II
### (Unfair Competition, 15 U.S.C. § 1125(a))

29.     Defendant incorporates its responses to Paragraphs 1-28.

30.     Defendant admits that it has adopted and used the mark HEAVENLY SALAD TOMATOES, and HEAVENLY as a part of that mark, in the offer and sale of tomatoes. Defendant denies the remainder of the allegations contained in Paragraph 30.

31.     Defendant admits that its use of HEAVENLY SALAD TOMATOES, and use of HEAVENLY as a part of the mark, and Village Farms' use of the purported Village Farms HEAVENLY Marks are confusingly similar, and is likely to cause confusion or mistake, or to deceive consumers, including with respect to (i) the origin, source, sponsorship, or affiliation of NatureSweet's products; (ii) the affiliation, connection, or association of Village Farms and NatureSweet; and (iii) the endorsement and approval of NatureSweet's tomatoes by Village Farms.  Defendant denies the remaining allegations contained in Paragraph 31.

32.     Defendant denies the allegations contained in Paragraph 32.

33.     Defendant denies the allegations contained in Paragraph 33.

34.     Defendant denies the allegations contained in Paragraph 34.

### COUNT III
### (Common Law Trademark Infringement)

35.     Defendant incorporates its responses to Paragraphs 1-34.

36.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, which has the effect of a denial.

37.     Defendant admits that it has used and is continuing to use the mark HEAVENLY SALAD TOMATOES, and HEAVENLY as a part of that mark, in connection with the offer and sale of NatureSweet tomatoes. Defendant denies the remainder of the allegations contained in Paragraph 37.

38.     Defendant admits that its use of HEAVENLY SALAD TOMATOES, and use of HEAVENLY as a part of the mark, and Village Farms' concurrent use of the purported Village Farms HEAVENLY Marks are likely to cause confusion, mistake or deception as to the source, origin, sponsorship or approval of NatureSweet's goods, and are likely to cause confusion, mistake, and deception among consumers as to whether NatureSweet's tomatoes originate from,

or are affiliated with, sponsored by, or endorsed by Village Farms. Defendant denies the remaining allegations contained in Paragraph 38.

39.    Defendant denies the allegations contained in Paragraph 39.

40.    Defendant denies the allegations contained in Paragraph 40.

41.    Defendant denies the allegations contained in Paragraph 41.

COUNT IV
**(Common Law Unfair Competition)**

42.    Defendant incorporates its responses to Paragraphs 1-41.

43.    Defendant denies the allegations contained in Paragraph 43.

44.    Defendant denies the allegations contained in Paragraph 44.

**PRAYER FOR RELIEF**

45.    Defendant denies that Village Farms is entitled to any of the relief prayed for in its Original Complaint.

46.    All allegations made in Plaintiff's Original Complaint which are not expressly admitted above, are denied.

**AFFIRMATIVE DEFENSES**

1.    NatureSweet's use of HEAVENLY and HEAVENLY SALAD TOMATOES is legally justified because NatureSweet is the prior and senior user of these marks. NatureSweet's use of HEAVENLY and HEAVENLY SALAD TOMATOES pre-dates the first of use of HEAVENLY or HEAVENLY VILLAGIO MARZANO by Village Farms, and NatureSweet has continued to use these marks.

2.    NatureSweet's use of HEAVENLY and HEAVENLY SALAD TOMATOES is legally justified because NatureSweet used these marks prior to the date that Village Farms filed

its application for registration of the HEAVENLY VILLAGIO MARZANO mark, and NatureSweet has continued to use these marks.

3.    NatureSweet's use of HEAVENLY and HEAVENLY SALAD TOMATOES is legally justified because NatureSweet had substantially nationwide use prior to Village Farms' first use of HEAVENLY VILLAGIO MARZANO and first purported use of HEAVENLY.

4.    Village Farms is not entitled to a constructive first use date based on its filing date for its application to register HEAVENLY VILLAGIO MARZANO because NatureSweet used HEAVENLY and HEAVENLY SALAD TOMATOES prior to that filing date and has not abandoned use.  15 U.S.C. § 1057(c)(1).

5.    Village Farms has not used HEAVENLY as a mark separate and apart from the mark HEAVENLY VILLAGIO MARZANO.

6.    Village Farms is not entitled to any damages because it is the junior user and has suffered no actual damage.

7.    Village Farms' claims for damages are barred, or limited, by the principles of equity. 15 U.S.C. § 1117.

8.    Village Farms' claims are barred, in whole or in part, by the doctrine of laches.

9.    Plaintiff's claims for damages are limited by the statute of limitations.

**PRAYER**

WHEREFORE, NatureSweet prays that the Court deny all of Village Farms' requests for relief, and for such other and further relief, at law or in equity, to which the Court finds NatureSweet justly entitled.

## COUNTERCLAIMS

Defendant NS Brands, Ltd., formerly known as NatureSweet, Ltd., ("Defendant" or "NatureSweet" or "NS Brands"), files these Counterclaims against Plaintiff Village Farms L.P. ("Plaintiff" or "Village Farms"), for injunctive relief and damages, and alleges as follows:

## THE PARTIES

1.      NS Brands, Ltd. is a Texas limited partnership having a business address of 2338 N. Loop 1604 W #200, San Antonio, TX 78248.

2.      Village Farms is a Delaware limited partnership having a business address of 195 International Parkway, Heathrow, Florida 32746.

## NATURE OF THIS ACTION

3.      This is an action for trademark infringement, unfair competition and unjust enrichment under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* (hereafter, the "Lanham Act"), and under the laws of the State of Texas.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over NatureSweet's claims under Texas law.

5.      This Court has personal jurisdiction over Village Farms because Village Farms filed this action; because Village Farms has advertised, promoted, offered for sale and/or sold its infringing products in the State of Texas and in the Western District of Texas; because Village Farms has substantial or continuous and systematic contacts with the State of Texas; and because Village Farms regularly conducts business in Texas, including shipping, selling, and distributing its products in Texas.

6.     Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

**I.     NatureSweet's extensive use of HEAVENLY for tomatoes**

7.     NS Brands is the leading seller of premium small tomatoes in the United States.

8.     In March 2006, NatureSweet launched its CHERUBS brand of fresh tomatoes.

9.     In keeping with the theme of the CHERUBS brand, since at least as early as March 2006, NatureSweet has adopted and continuously used HEAVENLY for its CHERUBS brand tomatoes.

10.     NatureSweet's use of HEAVENLY included use of WITH PURE HEAVENLY SWEETNESS on NatureSweet's manufacturer's coupons and IRCs (instantly redeemable coupons attached to the package) directed to consumers and in sales materials directed to retail and club stores.

11.     By the end of December 2010, over 75.5 million packages of CHERUBS brand tomatoes had been shipped to retailers and club stores throughout the United States and CHERUBS was the number one brand in the United States in the small tomatoes category.

12.     Prior to July 14, 2011, NatureSweet adopted and has since continuously used HEAVENLY SALAD TOMATOES for its CHERUBS brand tomatoes.

13.     NatureSweet has used and continues to use HEAVENLY and HEAVENLY SALAD TOMATOES on NatureSweet's packaging, marketing materials and in other ways customary to the trade.

14.     By October 14, 2011, CHERUBS brand tomatoes using the HEAVENLY SALAD TOMATOES mark had been shipped to retailers and club stores throughout the United States.

15.     Presently, NatureSweet ships over 81 million packages of CHERUBS using HEAVENLY SALAD TOMATOES to retailers and club stores throughout the United States each year and remains the number one brand in its category.

## II.     Village Farms' registration for HEAVENLY VILLAGIO MARZANO

16.     Village Farms is the record owner of U.S. Registration No. 4,124,908 for the mark HEAVENLY VILLAGIO MARZANO.

17.     Upon information and belief, Village Farms is a Delaware limited partnership having a business address of 195 International Parkway, Heathrow, Florida 32746.

18.     Village Farms is a direct competitor of NatureSweet in the category of small fresh tomatoes.

19.     Well aware of the market success of NatureSweet's CHERUBS brand, on July 14, 2011, Village Farms filed Application Serial No. 85/371,743 for the mark HEAVENLY VILLAGIO MARZANO, on the basis of intent to use, for "fresh fruits and vegetables."

20.     On November 21, 2011, Village Farms filed an Amendment to Allege Use, declaring use of the mark HEAVENLY VILLAGIO MARZANO for "fresh fruits and vegetables" since at least as early as October 15, 2011.

21.     Village Farms's specimen of use filed with its Amendment to Allege Use shows that Village Farms's specific use of HEAVENLY VILLAGIO MARZANO was for small fresh tomatoes.

22.     Registration No. 4,124,908 for the mark HEAVENLY VILLAGIO MARZANO was issued to Village Farms on April 10, 2012 for use on "fresh fruits and vegetables."

23.     Registration No. 4,124,908 for the mark HEAVENLY VILLAGIO MARZANO has not reached its five year anniversary date and can be cancelled pursuant to Section 14(1) of the Lanham Act, 15 U.S.C. § 1064(1).

**III.     Village Farms' wrongful demand that NS Brands cease its use of HEAVENLY**

24.     On November 7, 2016, more than 10 years after NatureSweet's first use of HEAVENLY for its CHERUBS brand, Village Farms sent NatureSweet a letter asserting Village Farms owns the exclusive right to use HEAVENLY for fresh tomatoes.

25.     Village Farms' claim of exclusive rights in HEAVENLY asserted in its November 7, 2016 demand letter was based on Registration No. 4,128,908 for the mark HEAVENLY VILLAGIO MARZANO and alleged common law rights in HEAVENLY.

26.     Village Farms has not used HEAVENLY as a mark separate and apart from the mark HEAVENLY VILLAGIO MARZANO.

27.     Village Farms' letter asserted that NatureSweet's use of HEAVENLY SALAD TOMATOES was likely to confuse consumers and likely to dilute Village Farms' asserted marks.

28.     Based on its asserted rights, Village Farms demanded that NatureSweet cease use of HEAVENLY SALAD TOMATOES and all other uses of HEAVENLY.

29.     On February 14, 2017 Village Farms filed this suit against NatureSweet.

30.     Village Farms first used its HEAVENLY VILLAGIO MARZANO mark on October 15, 2011.

31.     Village Farms first used its purported HEAVENLY mark in April, 2012.

32.     Village Farms alleges that NatureSweet's use of HEAVENLY and HEAVENLY SALAD TOMATOES is likely to cause confusion with Village Farms' use of HEAVENLY VILLAGIO MARZANO and HEAVENLY in the minds of actual and potential customers.

33.     NatureSweet is the prior and senior user of these marks.  NatureSweet's use of HEAVENLY and HEAVENLY SALAD TOMATOES pre-dates the first of use of HEAVENLY or HEAVENLY VILLAGIO MARZANO by Village Farms, and NatureSweet has continued to use these marks.

34.     NatureSweet used the HEAVENLY and HEAVENLY SALAD TOMATOES marks prior to the date that Village Farms filed its application for registration of the HEAVENLY VILLAGIO MARZANO mark, and NatureSweet has continued to use these marks.

35.     NatureSweet had substantially nationwide use of HEAVENLY and HEAVENLY SALAD TOMATOES prior to Village Farms' first use of HEAVENLY VILLAGIO MARZANO and first purported use of HEAVENLY.

36.     Village Farms is not entitled to a constructive first use date based on its filing date for its application to register HEAVENLY VILLAGIO MARZANO because NatureSweet used HEAVENLY and HEAVENLY SALAD TOMATOES prior to that filing date and has not abandoned use.

37.     Now, as the senior use of the asserted marks,  NatureSweet asserts the following causes of action against Village Farms.

## CAUSES OF ACTION

### COUNT I
### Unfair Competition Under 15 U.S.C. § 1125(a)

38.     NatureSweet repeats and re-alleges each and every allegation contained in the paragraphs 1 through 37, and incorporates them herein by reference.

39.     NatureSweet's use of HEAVENLY and HEAVENLY SALAD TOMATOES began prior to July 14, 2011, the filing date of Registration No. 4,124,908 for the mark HEAVENLY VILLAGIO MARZANO and prior to use of HEAVENLY or HEAVENLY VILLAGIO MARZANO by Village Farms.

40.     NatureSweet's use of HEAVENLY and HEAVENLY SALAD TOMATOES expanded throughout the United States prior to October 15, 2011, Village Farms' asserted date of first use of the mark HEAVENLY VILLAGIO MARZANO, and prior to April 2012, Village Farms' asserted date of first use of the mark HEAVENLY.

41.     NatureSweet's HEAVENLY and HEAVENLY SALAD TOMATOES marks are inherently distinctive, serving to identify and indicate the source of NatureSweet's tomatoes to the consuming public, and to distinguish its tomatoes from those of others.

42.     Additionally and alternatively, as a result of NatureSweet's long and extensive usage of HEAVENLY and HEAVENLY SALAD TOMATOES, NatureSweet's HEAVENLY and HEAVENLY SALAD TOMATOES marks have become distinctive to designate NatureSweet's tomatoes, to distinguish NatureSweet's fresh tomatoes from the fresh tomatoes of others, and to distinguish the source or origin of NatureSweet's fresh tomatoes.

43.     NatureSweet's HEAVENLY and HEAVENLY SALAD TOMATOES marks had acquired distinctiveness by at least as early as July 14, 2011, the filing date of Registration No. 4,124,908 for the mark HEAVENLY VILLAGIO MARZANO.

44.     NatureSweet's HEAVENLY and HEAVENLY SALAD TOMATOES marks had acquired distinctiveness by at least as early as October 15, 2011, Village Farms' asserted date of first use of the mark HEAVENLY VILLAGIO MARZANO.

45.     As a result of NatureSweet's extensive usage and promotion of the HEAVENLY and HEAVENLY SALAD TOMATOES, NatureSweet has developed valuable goodwill and strong common law rights in the HEAVENLY and HEAVENLY SALAD TOMATOES marks in the State of Texas and throughout the United States prior to Village Farms' use of HEAVENLY or HEAVENLY VILLAGIO MARZANO.

46.     Village Farms, with knowledge of NatureSweet's ownership of the HEAVENLY SALAD TOMATOES mark and without authorization from NatureSweet, has used and continues to use the confusingly similar marks HEAVENLY VILLAGIO MARZANO, and HEAVENLY as part of the mark, in connection with the offer and sale of Village Farms' competing goods, namely, fresh tomatoes.

47.     As asserted by Village Farms in its demand letter to NatureSweet and in its Complaint, Village Farms' HEAVENLY VILLAGIO MARZANO mark shown in Registration No. 4,124,908 and its purported HEAVENLY mark so resemble NatureSweet's HEAVENLY SALAD TOMATOES mark as to be likely, when used in connection with fresh fruits and vegetables, to cause confusion, or to cause mistake, or to deceive.  Purchasers and prospective purchasers are likely to falsely believe that fresh fruits and vegetables offered and provided under the purported HEAVENLY or HEAVENLY VILLAGIO MARZANO mark are sponsored, endorsed, or approved by NatureSweet, or are in some way affiliated, connected, or associated with NatureSweet.

48.     Upon information and belief, Village Farms continued use of its confusingly similar marks with full knowledge of NatureSweet's rights is a willful act intended to cause confusion, or to cause mistake, or to deceive.

49.     Upon information and belief, Village Farms intended to trade on the goodwill and reputation of NatureSweet in the marketplace by adopting and using a mark confusingly similar to NatureSweet's HEAVENLY and HEAVENLY SALAD TOMATOES marks used on the market-leading CHERUBS brand tomatoes.

50.     The acts of Village Farms complained of herein constitute unfair competition, use in commerce of false designations of origin, and false or misleading descriptions or representations of fact, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.     In light of NatureSweet's use of HEAVENLY and HEAVENLY SALAD TOMATOES prior to Village Farms' filing of its application to register HEAVENLY VILLAGIO MARZANO, and NatureSweet's substantially nationwide expansion prior to Village Farms' first use of HEAVENLY VILLAGIO MARZANO or its purported HEAVENLY mark, Registration No. 4,124,908 is invalid and should be cancelled pursuant to Lanham Act § 37, 15 U.S.C. § 1119, § 1052(d) and §1064(1).

52.     NatureSweet has been damaged by Village Farms' acts in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) complained of herein, and is entitled to damages under 15 U.S.C. § 1117 including but not limited to treble damages and attorney's fees.

53.     Unless Village Farms is enjoined, NatureSweet will continue to suffer irreparable injury for which there is no adequate remedy at law.

## COUNT II
## Trademark Infringement Under the Common Law of Texas

54.     NatureSweet repeats and re-alleges each and every allegation contained in the paragraphs 1 through 53, and incorporates them herein by reference.

55.     The acts of Village Farms complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

56.     NatureSweet has been damaged by Village Farms' acts of common law trademark infringement.

## COUNT III
## Unfair Competition Under the Common Law of Texas

57.     NatureSweet repeats and re-alleges each and every allegation contained in the paragraphs 1 through 56, and incorporates them herein by reference.

58.     The acts of Village Farms complained of herein constitute unfair competition in violation of the common law of the State of Texas.

59.     NatureSweet has been damaged by Village Farms' acts of common law unfair competition.

## COUNT IV
## Unjust Enrichment

60.     NatureSweet repeats and re-alleges each and every allegation contained in the paragraphs 1 through 59, and incorporates them herein by reference.

61.     Village Farms has been and continues to be unjustly enriched at the expense of NatureSweet by Village Farms' acts complained of herein.

62.     NatureSweet has been damaged by Village Farms' acts of unjust enrichment.

**COUNT V**
**Injury to Business Reputation or Trade Name or Mark**
**Under Texas Business and Commerce Code**
**(HEAVENLY and HEAVENLY SALAD TOMATOES)**

63.　　NatureSweet repeats and re-alleges each and every allegation contained in the paragraphs 1 through 62, and incorporates them herein by reference.

64.　　The acts complained of above are likely to cause injury to NatureSweet's business reputation and to dilute the distinctive quality of the HEAVENLY and HEAVENLY SALAD TOMATOES marks, in violation of the Texas Anti-Dilution Statute, Tex. Bus. & Com. Code § 16.29.

65.　　NatureSweet has been damaged by Village Farms' acts of injury to business reputation and dilution in violation of the Texas Anti-Dilution statute.

**COUNT VI**
**Injury to Business Reputation or Trade Name or Mark**
**Under Texas Business and Commerce Code**
**(CHERUBS)**

66.　　NatureSweet repeats and re-alleges each and every allegation contained in the paragraphs 1 through 65, and incorporates them herein by reference.

67.　　The acts complained of above are likely to cause injury to NatureSweet's business reputation and to dilute the distinctive quality of NatureSweet's CHERUBS mark, in violation of the Texas Anti-Dilution Statute, Tex. Bus. & Com. Code § 16.29.

68.　　NatureSweet has been damaged by Village Farms' acts of injury to business reputation and dilution in violation of the Texas Anti-Dilution statute.

**<u>JURY DEMAND</u>**

NatureSweet demands a jury trial in accordance with Fed. R. Civ. P. 38(b).

## **PRAYER**

WHEREFORE, NatureSweet requests entry of judgment against Village Farms as follows:

1.      That Registration No. 4,124,908 be cancelled pursuant to Lanham Act § 37, 15 U.S.C. § 1119, § 1052(d) and §1064(1);

2.      That Village Farms, its affiliates, subsidiaries, related companies, and all those acting in concert or participation with them be preliminarily and permanently enjoined and restrained from:

a)   using the HEAVENLY or HEAVENLY VILLAGIO MARZANO marks or any other marks that are likely to cause confusion with or are likely to dilute NatureSweet's HEAVENLY or HEAVENLY SALAD TOMATOES marks;

b)   otherwise infringing NatureSweet's HEAVENLY or HEAVENLY SALAD TOMATOES marks or competing unfairly with NatureSweet in any manner;

c)   committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe or likely to dilute NatureSweet's HEAVENLY or HEAVENLY SALAD TOMATOES marks, or to confuse, mislead, or deceive consumers as to the affiliation, connection, or association of Village Farms with NatureSweet or as to the origin, sponsorship, or approval of Village Farms' goods or commercial activities by NatureSweet; and

d)  conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a), (b) and (c) above;

3.  That, Village Farms, its affiliates, subsidiaries, related companies, and all those acting in concert or participation be ordered to:

a)  remove from all websites any depiction of references to the HEAVENLY or HEAVENLY VILLAGIO MARZANO marks;

b)  recall and destroy and provide proof to the Court of recall and destruction (or recall and deliver to the Court for destruction) all packaging consisting of the HEAVENLY or HEAVENLY VILLAGIO MARZANO marks; and

c)  destroy and provide proof of destruction to the Court (or deliver to the Court for destruction) any and all advertising or promotional or other materials pertaining to the HEAVENLY or HEAVENLY VILLAGIO MARZANO marks and all product bearing the HEAVENLY or HEAVENLY VILLAGIO MARZANO marks, regardless of the medium on which such advertising, promotional, or other materials are contained;

4.  That Village Farms be required to file with this Court and to serve upon NatureSweet within thirty (30) days after the entry and service on Village Farms of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Village Farms complied with the injunction;

5.  That Village Farms be required to account for, and turn over to NatureSweet, all profits realized as a result of its infringement and other unlawful acts, such award of profits to be increased as the Court finds just under the circumstances of this case;

6.     That NatureSweet be awarded its actual damages and that said damages be trebled;

7.     That NatureSweet be awarded its attorney's fees and costs of this action pursuant to 15 U.S.C. § 1117(a) or other applicable law;

8.     That NatureSweet be granted such other and further relief, at law or in equity, as the Court may deem just and proper.

Dated:  March 31, 2017                         Respectfully submitted,


                                               /s/ J. Jeffery Richardson
                                               J. Jeffery Richardson
                                               Texas Bar No. 16864450
                                               Linda M. Merritt
                                               Texas Bar No. 00797071

                                               **NORTON ROSE FULBRIGHT US LLP**
                                               2200 Ross Avenue, Suite 3600
                                               Dallas, Texas 75201-7932
                                               Telephone:  (214) 855-8000
                                               Facsimile:  (214) 855-8200

                                               ATTORNEYS FOR DEFENDANT
                                               NS BRANDS, LTD.


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 31, 2017, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.  Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

                                               /s/J. Jeffery Richardson
                                               J. Jeffery Richardson